**JACOBSON LAW FIRM**
6367 E. TANQUE VERDE RD., SUITE 204
TUCSON, ARIZONA 85715
TELEPHONE (520) 885-2518
FACSIMILE (520) 885-8073
jeff@jacobsonlawfirm.net
Jeffrey H. Jacobson, PCC #65402; SB#019502
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| KEITH M. PARHAM,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TUCSON RESIDENCE FOUNDATION, INC., an Arizona non-profit corporation; JOHN DOES and JANE DOES 1-10; and ABC CORPORATIONS 1-10,<br><br>　　　　　Defendants. | No. CV10-0147-TUC-DCB (GEE)<br><br>**JOINT RULE 26(f) REPORT** |

　　　　The parties, through undersigned counsel, hereby file their Joint Report pursuant to Rule 26(f) and the Court's Order dated May 11, 2010.

**Counsel who will attend the conference call on June 22, 2010:**

　　For the Plaintiff:　Jeffrey H. Jacobson, who will initiate the call.

　　For the Defendant:　Jim Mackie.

**1.　The nature of the case, setting forth in brief statements the factual and legal basis of the claims and defenses. The parties shall include a skeletal list of the elements of proof necessary for each count of the complaint and each affirmative defense:**

This is a case alleging racial discrimination in terms and conditions of employment and failure to pay, and hostile work environment arising out of hiring decisions made by the Defendant employer.

Plaintiff's Claims:

The elements to prove a violation of Title VII by a preponderance of the evidence are:

(1) That the plaintiff did not receive performance-based pay increases by the defendant; and

(2) That the plaintiff did not receive performance-based pay solely because of the plaintiff's race.

The elements to prove a hostile work environment caused by racial harassment by a preponderance of the evidence are:

(1) That the plaintiff was subjected to a racially hostile work environment by a co-worker; and

(2) That the defendant or a member of defendant's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

Defendant's Defenses:

Defendant has raised a number of self-explanatory affirmative defenses to Plaintiff's claims, including, without limitation, the following:

1. Failure to state a claim upon which relief can be granted;

2. All employment decisions regarding or affecting the Plaintiff were based upon legitimate, non-discriminatory and reasonable business reasons;

3. Plaintiff has not suffered any adverse employment action cognizable under Title VII;

4. Plaintiff has unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendant to avoid harm;

2

5. Any differences in pay were based on a factor other than race;

6. Defendant's actions with respect to Plaintiff were, at all times, privileged and/or justified;

7. Plaintiff's alleged injuries or damages, if any, were caused, in whole or in part, by Plaintiff's own actions and/or inactions;

8. One or more of Plaintiff's claims are or may be barred or reduced by the statute of limitations applicable to said claim;

9. Plaintiff's claims are or may be barred, in whole, or in part, by his failure to properly mitigate his damages, and/or by application of the after-acquired evidence doctrine;

10. To the extent that Plaintiff seeks back pay damages, Defendant is entitled to a set off of any such damages equal to the amount that Plaintiff has earned or received since his separation from Defendant's employment; and

11. Plaintiff's damages claims, if any, are limited by all caps on damages applicable to their claims, including, without limitation, the damage caps contained in Title VII;

**2.    The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motion:**

This is a straightforward case regarding alleged discrimination in pay based on race, and hostile work environment. The primary factual and legal issues in dispute are as follows:

1. Whether the plaintiff received performance-based pay increases by the defendant;

2. Whether any lack of performance-based pay increases to Plaintiff was solely because of the plaintiff's race;

3

3. Whether the plaintiff was subjected to a racially hostile work environment by a co-worker;

4. Whether the defendant or a member of defendant's management knew or should have known of any such hostile work environment, and failed to take prompt, effective remedial action reasonably calculated to end the harassment;

5. Whether Plaintiff has suffered recoverable damages; and

6. Whether Plaintiff's claims and/or damages are barred or reduced by application of any of the affirmative defenses asserted by Defendant.

. The parties will endeavor to narrow the factual and legal issues.

**3.     The jurisdictional basis of the case, citing specific statutes:**

The Court has subject matter jurisdiction (federal question) pursuant to 28 U.S.C. §1331.

**4.     Parties, if any, that have not been served, as well as parties that have not filed an answer or other appearance, including fictitious parties:**

All known parties have been served and have answered. If Plaintiff learns of additional parties, he will seek leave to amend his complaint pursuant to FRCP Rule 15 to name such parties who are now listed as fictitious defendants.

**5.     The names of parties not subject to the Court's jurisdiction:**

None.

**6.     Whether there are further dispositive or partially dispositive issues to be decided by pretrial motions, and the legal issues about which any pretrial motions are contemplated:**

The parties anticipate motion practice including, but not limited to, summary judgment.

4

**7.    Whether the case is suitable for reference to arbitration or whether the parties consent to trial before a United States Magistrate Judge pursuant to 28 U.S.C. 636.(c):**

No.

**8.    The status of related cases pending before other judges of this Court or before other courts.**

Not applicable.

**9.    A statement of when Initial Disclosures were made or will be made, or any proposed changes in the requirements for Initial Disclosures set forth in Rule 26(a), Federal Rules of Civil Procedure.**

The parties have agreed to exchange initial disclosure on or before July 1, 2010.

**10.   Suggested changes, if any, in the limitation on discovery imposed by the Local Rules and the Federal Rules of Civil Procedure:**

None.

**11.   Proposed deadlines:**

(a)    Filing motions to amend the complaint and to join additional parties:  September 22, 2010.

(b)    Pretrial disclosure of witnesses and expert testimony pursuant to Rule 26(a)(2) and (3) and Fed.R.Civ.P.:

- Disclosure of experts:  October 22, 2010.
- Disclosure of lay witnesses:  November 8, 2010.
- Disclosure of rebuttal experts:  December 8, 2010.
- Disclosure of rebuttal lay witnesses:  December 8, 2010.

(c)    Completing discovery:    January 14, 2011.

(d)    Filing dispositive motions:  February 28, 2011.

   (e) Lodging proposed joint pretrial order: March 31, 2011 or 30 days after dispositive motions are resolved by the Court, whichever is later.

   (f) Filing a joint letter to the Court concerning the status of settlement discussions: December 17, 2010, and every two months thereafter.

**12. Estimated date and length of trial:** May 2, 2011 (3 days).

**13. Whether a jury trial has been requested:** Yes.

**14. The prospects for settlement, including any request to have a settlement conference before another Magistrate Judge or United States District Court Judge, or other request of the Court for assistance in settlement efforts.**

After exchange of initial disclosures, the parties will revisit the prospects for settlement.

**15. Whether any unusual, difficult, or complex problems or issues exist that would require this case to be placed on the complex track for case management purposes:**

None.

**16. Any other matters that the parties feel will aid the Court in expediting the disposition of this matter efficiently:**

None.

DATED this 15th day of June, 2010.

| JACOBSON LAW FIRM | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
|---|---|
| By /s/ Jeffrey H. Jacobson<br> Jeffrey H. Jacobson<br> Attorney for Plaintiff | By /s/ James K. Mackie<br> James K. Mackie<br> Attorneys for Defendant |

1 | Copy electronically provided the 15th day of June, 2010, to:

2 | James K. Mackie
3 | F. David Harlow
  | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4 | 6760 North Oracle Road, Suite 200
5 | Tucson, Arizona  85704
  | Attorneys for Defendant